UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JASON KIRK ]
    Plaintiff, ]
 ]
v. ]   No. 1:16-0031
 ]   Senior Judge Haynes/Brown
CORRECTIONS CORPORATION OF ]
AMERICA, et al. ]
    Defendants. ]

**To: Honorable William J. Haynes, Jr., Senior District Judge**

# R E P O R T A N D R E C O M M E N D A T I O N

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), this action was referred to the undersigned for consideration of all pretrial matters, including any dispositive motions filed by the parties. Docket Entry No. 6.

## I. Pending Motions

Presently pending before the Court are plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Docket Entry No. 3); plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry Nos. 49 and 68); defendants' Motions to Strike the Amended Complaint (Docket Entry Nos. 51 and 59); defendants' Motions to Dismiss (Docket Entry Nos. 52, 56 and 77); defendants' Motion for Summary Judgment (Docket Entry No. 60); and plaintiff's Motions for an evidentiary hearing "to resolve the factual basis for his opposition to defendants' Motion for Summary Judgment" (Docket Entry Nos. 103 and 111).

## II. Background

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center (SCCC) in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against twenty two (22) defendants. These defendants include the Corrections Corporation of America (CCA), its President, Damon Hininger, and Jason Medlin, Regional Director for CCA (the "CCA defendants"); Derrick Schofield, former Commissioner of the Tennessee Department of Correction (TDOC), Tony Parker, current Commissioner of TDOC, Jason Woodall, Deputy Commissioner of TDOC, Bryant Williams, a former contract monitor for TDOC, Cole Turner, currently serving as a contract monitor for TDOC, and Joel Foster, a liaison for TDOC (the "TDOC defendants"); and Cherry Lindamood, Warden of SCCC, with twelve members of her staff (West, Bryant, Buttram, Harrison, Dodd, McClain, H. Inman, K. Inman, Ward, Deathrage, Jackson and Harville)(the "SCCC defendants").[1]

On October 2, 2015, the plaintiff arrived at SCCC. Since his arrival, plaintiff alleges that he "has been continually subject to physical assaults and abuse from other inmates." Docket Entry No. 1 at pg. 10. He attributes this to overcrowding and a culture in which the defendants have allowed inmate gangs to take control of whole housing units at the prison.

The plaintiff believes that, in an effort to save money, the defendants have failed to maintain adequate staffing levels and properly train their personnel. He also complains that the defendants have implemented and enforced *de facto* policies which have created dangerous and uncontrolled conditions of confinement, that he has been forced to walk with his hands behind his back, that he

---

[1] In the style of the case on the original complaint, the plaintiff lists Truman Cole as a defendant. This individual, however, has not been identified in the body of the complaint. Nor has he been served with process or mentioned in any way in plaintiff's amended complaint. *See* Docket Entry No. 49. Therefore, the undersigned concludes that the plaintiff never intended for Truman Cole to be a party to this action.

has been forced "to choose between starving or remaining in the housing unit day room, for literally hours at a time", and that he has been forced to stand at attention for "inordinately long periods of time while being denied permission to use the bathroom".

### III. Amendment of the Complaint

The original complaint is 157 pages in length. It is often difficult to follow and lacks the cohesiveness that a short and concise statement of the claims would provide. For that reason, the plaintiff was invited by the Court to amend his complaint with a "succinct summary" of what each of the defendants is alleged to have done. Docket Entry No. 43 at pgs. 2-3.

In response, the plaintiff has filed two motions (Docket Entry Nos. 49 and 68) to amend, one of which includes a proposed amended complaint. The plaintiff's proposed amended complaint is but 31 pages in length. The defendants have submitted motions (Docket Entry Nos. 51 and 59) to strike the amended complaint.

The plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)(2), Fed. R. Civ. P. In this regard, justice is better served with a more concise complaint before the Court. Thus, in light of the circumstances, it would be more appropriate to strike the defendants' motions in opposition and allow the plaintiff to amend his complaint.

### IV. Defendants Not Yet Served

Four of the defendants, i.e., Bryant Williams (Docket Entry No. 11), Kathy Inman (Docket Entry Nos. 23 and 70), Joel Foster (Docket Entry No. 69) and Cole Turner (Docket Entry No. 75) have not yet been served with process.

If a defendant is not served within 90 days after the complaint is filed, the Court must

dismiss the claims against that defendant without prejudice. But, with a showing of good cause for the failure, the Court must extend the time for service of process for an appropriate period. Rule 4(m), Fed. R. Civ. P.

The complaint initiating this action was filed on May 5, 2016. More than 90 days have elapsed since the filing and these four defendants have still not been served with process. The plaintiff has been forewarned that the failure to obtain service of process within 90 days absent good cause would result in the dismissal of claims without prejudice. Docket Entry No. 26 at pgs. 1-2. He was directed to show good cause why these defendants have not yet been properly served. Docket Entry No. 43. No adequate showing of good cause has been forthcoming. Therefore, the claims against Bryant Williams, Kathy Inman, Joel Foster and Cole Turner should be dismissed without prejudice for want of prosecution.

**V. Preliminary Injunctive Relief**

The plaintiff has filed a motion for Temporary Restraining Order and/or Preliminary Injunction (Docket Entry No. 3), seeking such relief

> to ensure that the defendants do not purposely destroy irrefutable and direct evidence of their actions;
>
> to ensure that the defendants immediately allow for the formation of housing units free from gang related activity;
>
> to enjoin the defendants from "refusing to do timely cell changes";
>
> to enjoin the defendants from subjecting him to "artificially created adversity";
>
> to enjoin the defendants from forcing him to walk with his hands behind his back; and
>
> to enjoin the defendants from forcing him "to have to reside in the pod for hours at a time without being given access to bathroom

4

facilities".

The CCA and SCCC defendants have filed a response (Docket Entry No. 58) in opposition to the plaintiff's motion for preliminary injunctive relief.

A preliminary injunction is an extraordinary remedy that should only be granted if the plaintiff carries his burden of proving that the circumstances clearly demand it. Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566, 573 (6th Cir. 2002). The grant or denial of a preliminary injunction is a matter within the sound discretion of the district court. Virginia Railway Co. v. System Federation, R.E.O., 300 U.S. 515, 551 (1937).

In determining whether to issue a preliminary injunction, the Court must consider four factors: (1) whether the plaintiff is likely to succeed on the merits, (2) whether the plaintiff is likely to suffer irreparable harm in the absence of injunctive relief, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. Winter v. National Resource Defense Council, 555 U.S. 7, 20 (2008). Although no single factor is controlling, the likelihood of success is often the predominant consideration. Gonzales v. National Board of Medical Examiners, 225 F.3d 620, 625 (6th Cir. 2000).

There has been no argument made by the plaintiff that the defendants intend to destroy evidence. Nor has he alleged any specific threat of individualized harm should he not be granted injunctive relief. Thus, there is considerable doubt as to whether he can prevail on the merits. Moreover, injunctive relief in this instance would not only embroil the Court in the day-to-day management of the South Central Correctional Center, but could negatively impact the important public policies of comity and federalism. *See* Dean v. Coughlin, 804 F.2d 207, 213 (2d Cir. 1986).

For these reasons, the plaintiff has shown no compelling need for temporary injunctive relief

5

at this time.

## VI. Motion for Summary Judgment

The CCA and SCCC defendants have filed a motion for summary judgment (Docket Entry No. 60). Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289 (1968).

The defendants contend that they are entitled to summary judgment because the plaintiff neglected to fully exhaust his administrative remedies prior to seeking relief in federal court.

A prisoner may not bring any suit with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Tennessee Department of Correction provides a grievance procedure whereby conditions of confinement may be challenged by a prisoner. According to an affidavit (Docket Entry No. 60-2) from Leigh Staggs, the Grievance Chairperson at SCCC, prior to the filing of this action, the plaintiff submitted only one grievance complaining about conditions of his confinement. Docket Entry No. 60-2 at pg. 3. The grievance in relevant part states

> On 2-29-2016, we came off Lockdown around 1:pm. Both Unit Manager Harris and Senior Harvil were in the Pod. The Unit Manager was at a table and Senior Harvil was at the phones. Both of these Senior CCA staff witnessed at least (2) STG Groups conduct shower escorts. Both of these groups even announced it by yelling "shower-shower" as they escorted to the shower.

*Id.* at pgs. 10-11.

This grievance was fully exhausted through the prison's grievance procedure. *Id.* at pg. 3. None of the defendants, with the exception of Harris and Harvil, are mentioned in the grievance. Thus, it is argued that the plaintiff has failed to exhaust administrative remedies against the remaining CCA and SCCC defendants.[2]

The plaintiff claims that he properly filed numerous grievances and thereby had fully exhausted his administrative remedies prior to filing suit in federal court. Docket Entry No. 103 at

---

[2] The defendants acknowledge that Harris and Harvil seem to be referring to Patricia Harrison and Daniel Harville. For that reason, they argue that "the Court should dismiss all of the plaintiff's claims with the exception of the purported Eighth Amendment claim that defendants Harrison and Harville ignored shower escorting on 2/29/16". Docket Entry No. 61 at pg. 7.

7

pg. 1. He has filed two motions (Docket Entry Nos. 103 and 111) opposing summary judgment for these defendants. The motions ask the Court to conduct an evidentiary hearing to resolve the dispute arising over the question of exhaustion. With his motions, the plaintiff has included affidavits from himself (Docket Entry No. 105) and nine fellow inmates.

The defendants have made a prima facie case for plaintiff's failure to exhaust administrative remedies. To overcome the defendants' position, the plaintiff can not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. Celotex Corporation, *supra*.

The plaintiff alleges that Leigh Staggs "is lying and providing erroneous statements in a fraudulent affidavit." Docket Entry No. 103 at pg. 1. He further asserts that he had properly filed numerous grievances. However, the plaintiff has not identified whether these alleged grievances related to the incidents referenced in his complaint, as amended, or to any claims against the defendants to this action. *See* Docket Entry No. 109-1 at pg. 4. Nor do the numerous affidavits from other inmates address the plaintiff's situation. Docket Entry Nos. 106, 107 and 110 at pgs. 15-40. As a consequence, the plaintiff has failed to demonstrate the need for an evidentiary hearing. He has offered nothing less than conclusory assertions rather than affirmative evidence. Accordingly, the plaintiff has shown no necessity for an evidentiary hearing and the defendants' motion for summary judgment should be granted as it relates to all CCA and SCCC defendants with the exception of Patricia Harrison and Daniel Harville. *See* Napier v. Laurel County, Ky., 636 F.3d 218, 222 (6th Cir. 2011)(summary judgment is an appropriate outcome when a defendant is able to demonstrate an inmate/plaintiff's failure to exhaust administrative remedies).

### VII. Motions to Dismiss

Remaining are motions to dismiss from all of the defendants. Docket Entry Nos. 52, 56 and 77). Having concluded that the plaintiff failed to exhaust his administrative remedies for the most part, the motions to dismiss should be granted as to all of the defendants, with the exception of Patricia Harrison and Daniel Harville.

## RECOMMENDATION

For the reasons discussed above, the undersigned respectfully RECOMMENDS (1) that the plaintiff's motion for preliminary injunctive relief (Docket Entry No. 3) be DENIED; (2) that the plaintiff's motions for leave to file an amended complaint (Docket Entry Nos. 49 and 68) be GRANTED; (3) that the defendants' motions to strike the amended complaint (Docket Entry Nos. 51 and 59) be DENIED; (4) that the claims against Bryant Williams, Kathy Inman, Joel Foster and Cole Turner be dismissed without prejudice for want of prosecution; (5) that the defendants' motion for summary judgment (Docket Entry No. 60) as it applies to all CCA and SCCC defendants, with the exception of Patricia Harrison and Daniel Harville, be GRANTED; (6) that the plaintiff's motions (Docket Entry Nos. 103 and 111) for an evidentiary hearing be DENIED; and (7) that the defendants' motions to dismiss (Docket Entry Nos. 52, 56 and 77) as they apply to the TDOC defendants be GRANTED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after being served and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88

L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

        _/s/ Joe B. Brown_
        Joe B. Brown
        United States Magistrate Judge