# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| JASON KIRK # 361557, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-00031 |
| | ) | Chief Judge Crenshaw/Brown |
| CORRECTIONS CORPORATION | ) | |
| OF AMERICA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**To: The Honorable Waverly D. Crenshaw, Jr., Chief United States District Judge**.

## REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned **RECOMMENDS** that: 1) plaintiff's claims be **DISMISSED** against the remaining two defendants to this action, Daniel Harville and Patricia Harrison; 2) this action be **DISMISSED WITH PREJUDICE** as to plaintiff's federal law claims; 3) acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action; 4) plaintiff's state-law claims be **DISMISSED WITHOUT PREJUDICE** as to any relief to which plaintiff might be entitled in State court; 5) any motions pending prior to the date of entry of this R&R be **DENIED AS MOOT**; 6) any appeal **NOT BE CERTIFIED** as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

## I. INTRODUCTION AND BACKGROUND

The undersigned entered a R&R on July 26, 2017 (Doc. 162) recommending that plaintiff's motion to reconsider (Doc. 128) be denied. The R&R was accepted and adopted on August 18, 2017 (Doc. 166), leaving defendants Harville and Harrison as the only defendants remaining in this action.

The undersigned has reviewed his earlier December 13, 2016 R&R[1] in connection with plaintiff's pending discovery requests. (Doc. 113, p. 9)  The undersigned revisited plaintiff's grievance against defendants Harville and Harrison at the same time. (Doc. 60-2, pp. 10-11 of 15) The grievance plaintiff filed against defendants Harville and Harrison is quoted below in its entirety:

> On 2-29-2016 we came off lockdown around 1 pm.  Both unit manager Harrison and senior Harville were in the pod.  The unit manager was at a table and Senior Harville was at the phone.  Both of these Senior CCA staff witnessed at least (2) STG groups conduct shower escorts.  Both of these groups even announced it by yellowing 'shower-shower' as they escorted to the shower.
>
> This is a blatant violation of STG and TDOC Rules and Policies.  In fact this is supposed to be a zero tolerance issue.  Yet two senior staff are ignoring it.  They are supposed to set an example for the staff under them.  Instead, they show that they too are in fear for their safety as well.  This is not the 1st time these two have watched this.  I've addressed it before to the warden.  The camera in the pod can verify that these two just ignored the blatant gang activity.
>
> Them ignoring this places myself and other non STG inmates at risk of assault and extortion if we happen to step out of our cell or the shower at the wring time.  By breaking security you're given 3 choices.  Pay a fine to the gang, get assaulted, or check in.  Every time an officer ignores this, I'm put at risk to be extorted or assaulted or forced to defend my self against a gang all because your staff refuses to step up and put a stop to it.
>
> This grievance is dangerous to me if given to the wrong persons.  Any retaliation will be met with a law suit.  Either part of the problem or part of the solution.  You choose.

(Doc. 60-2, pp. 10-11 of 15)(unnecessary capitalization omitted and spelling errors corrected)  The grievance quoted above is the only grievance that plaintiff exhausted in this action, and it was the sole basis for the undersigned's recommendation in his December 13, 2016 R&R that plaintiff's

---

[1] The December 13, 2016 R&R recommended that plaintiff's claims be dismissed against all defendants for failure to exhaust save those claims against defendants Harville and Harrison.

2

claims not be dismissed against defendants Harville and Harrison. Plaintiff's claims against defendants Harville and Harrison are properly before the court pursuant to 28 U.S.C. § 1915(e)(2).

## II. ANALYSIS

This action was brought under 42 U.S.C. § 1983. To state a claim under § 1983, plaintiff must allege and show that he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014)(citation omitted); *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff does not assert that any injury befell him on February 29, 2016 as a consequence of the alleged actions of defendants Harville and Harrison set forth in the grievance above at p. 2. Plaintiff does not allege that STG inmates escorted him to the showers, that STG inmates assaulted or mistreated him, that he had to pay a fine to STG inmates, or that STG inmates coerced him in any way. More importantly, plaintiff does not allege that defendants Harville and Harrison violated his rights under the Constitution or laws of the United States. He merely asserts that they failed to implement TDOC policies and procedures and set the example for other staff members.

For the reasons explained above at p. 2, the claims embodied in the grievance are the only claims against defendants Harville and Harrison that are properly before the court,[2] because they were the only claims he exhausted against them. Inasmuch as plaintiff has not alleged and shown that the alleged actions of defendants Harville and Harrison violated his rights under the Constitution

---

[2] Plaintiff refers to defendants Harville and Harrison in his original complaint in the context of this alleged incident. (Doc. 1, ¶¶ 195-203, pp. 27-28) Plaintiff also refers to defendants Harville and Harrison in his amended complaint in the context of the alleged incident described above. (Doc. 49, ¶¶ 49-58, ¶¶ 107-112, pp. 10-11, 19-20) However, plaintiff does not allege and show in either his original complaint or his amended complaint that, apart from not enforcing TDOC policies and procedures, that defendants Harville and Harrison violated his rights under the U.S. Constitution or laws of the United States.

3

or laws of the United States, he fails to make a *prima facie* showing under § 1983 against them. In short, plaintiff fails to state a claim on which relief may be granted under § 1983 against defendants Harville and Harrison.

Title 28 § 1915 provides the following with respect to parties – including indigent prisoners – who proceed in the district court *in forma pauperis*: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss the case at any time** if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii)(bold added). Title 28 § 1915(e)(2) applies to complaints filed *in forma pauperis* by prisoners and non-prisoners alike. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, (2007); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). Given the clearly mandatory language of § 1915(e)(2), *see In re Prison Litigation Reform Act*, 105 F.3d at 1138; *Hay v. Evins*, 1999 WL 96755 * 6 (6th Cir. 1999); *Morris v. Metrish*, 1998 WL 246454 * 1 (6th Cir. 1998); *Cash v. Reno*, 1997 WL 809982 * 1 (6th Cir. 1997), the undersigned recommends that plaintiff's claims against defendants Harville and Harrison should be dismissed for failure to state a claim on which relief may be granted.

### III. CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, the undersigned **RECOMMENDS** that: 1) plaintiff's claims be **DISMISSED** against the remaining two defendants to this action, Daniel Harville and Patricia Harrison; 2) this action be **DISMISSED WITH PREJUDICE** as to plaintiff's federal law claims; 3) acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action; 4) plaintiff's state-law claims be **DISMISSED WITHOUT PREJUDICE** as to any relief that plaintiff

4

might be entitled in State court; 5) any motions pending prior to the date of entry of this R&R be **DENIED AS MOOT**; 6) any appeal **NOT BE CERTIFIED** as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, 142, *reh'g denied*, 474 U.S. 111 (1986); *see Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

**ENTERED** this the 28th day of August, 2017.

                                                      s/ Joe B. Brown
                                                      Joe B. Brown
                                                      United States Magistrate Judge