# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **JASON KIRK # 361557,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:16-00031 |
| ) | Chief Judge Crenshaw/Brown |
| **CORRECTIONS CORPORATION** ) | |
| **OF AMERICA, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

To: The Honorable Waverly D. Crenshaw, Jr., Chief United States District Judge.

## REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned **RECOMMENDS** that: 1) plaintiff's demand for injunctive relief be **DISMISSED** as moot; 2) this action be **DISMISSED WITH PREJUDICE**; 3) acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action; 4) any appeal **NOT BE CERTIFIED** as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

## I. INTRODUCTION AND BACKGROUND

The District Judge returned this matter to the undersigned for further proceedings pertaining to plaintiff's demands for injunctive relief. (Doc. 173) Thereafter, plaintiff noticed the court on October 18, 2017 that he had been transferred from the South Central Correctional Facility (SCCF) in Clifton, Tennessee – where the alleged events that gave rise to this action occurred – to the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. (Doc. 176)

## II. ANALYSIS

A prisoner's transfer from the facility against which he seeks injunctive relief moots his request for such relief. *See Parks v. Reans*, 510 Fed.Appx. 414, 415 (6th Cir. 2013)(a *Bivens* action);

*Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010)(a § 1983 action)(citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). Because plaintiff has been transferred from SCCF to HCCF, his demand for injunctive relief is moot in this action.

### III. CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, the undersigned **RECOMMENDS** that: 1) plaintiff's demand for injunctive relief be **DISMISSED** as moot; 2) this action be **DISMISSED WITH PREJUDICE**; 3) acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action; 4) any appeal **NOT BE CERTIFIED** as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, 142, *reh'g denied*, 474 U.S. 111 (1986); *see Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

**ENTERED** this the 19th day of October, 2017.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge
